I1h9soup                    Plea

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                        17 CR 545 (NRB)

5   MATTHEW SOUCHET,

6              Defendant.

7   ------------------------------x

8                                        New York, N.Y.
                                         January 17, 2018
9                                        3:15 p.m.

10

    Before:
11
                    HON. NAOMI REICE BUCHWALD
12
                                         District Judge
13

14                        APPEARANCES

15  GEOFFREY S. BERMAN
         Interim United States Attorney for the
16       Southern District of New York
    ABIGAIL KURLAND
17       Assistant United States Attorney

18  MEGAN W. BENETT
         Attorney for Defendant
19

20

21

22

23

24

25

I1h9soup                    Plea

1           (In open court; case called)

2           MS. KURLAND:  Good afternoon, your Honor.  Abigail

3   Kurland for the government.  I'm here on behalf of my colleague

4   Drew Johnson-Skinner who had a conflict.

5           MS. BENETT:  Good afternoon, your Honor.  Megan

6   Bennett on behalf of Matthew Souchet, who is seated to my left.

7   For the record I just wanted to point out that Mr. Souchet's

8   mother, Diane Albert; his cousin, Crystal Santiago; and his

9   friend, Quadell Phils, are in the audience behind us, as well.

10  Thank you.

11          THE COURT:  So I gather that Mr. Souchet is going to

12  enter a plea of guilty to the indictment this afternoon.

13          MS. BENETT:  That's correct, your Honor.

14          THE COURT:  So Mr. Souchet may I ask you to stand for

15  a minute, please.

16          (Defendant sworn)

17          THE COURT:  Could you tell me your full name, please.

18          THE DEFENDANT:  Matthew Souchet.

19          THE COURT:  How old are you, sir?

20          THE DEFENDANT:  29.

21          THE COURT:  Why don't you sit down.

22          Could you tell me the highest grade in school that you

23  completed.

24          THE DEFENDANT:  My GED.

25          THE COURT:  Okay.  And are you now or have you

I1h9soup                         Plea

1    recently been under the care of a doctor or mental health

2    professional?

3              THE DEFENDANT:  No.

4              THE COURT:  Have you ever been hospitalized or treated

5    for alcoholism or narcotics addiction?

6              THE DEFENDANT:  No.

7              THE COURT:  Are you under the influence of any drug or

8    alcohol today?

9              THE DEFENDANT:  No.

10             THE COURT:  And how are you feeling physically today?

11             THE DEFENDANT:  I'm fine.

12             THE COURT:  And have you had sufficient time to

13   discuss the charges against you and your plea with your

14   attorney, Ms. Benett?

15             THE DEFENDANT:  Yes, I have.

16             THE COURT:  And have you been satisfied with the

17   advice and counsel that she has given to you?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Are you ready to enter a plea?

20             THE DEFENDANT:  Yes.

21             THE COURT:  And what is your plea to the indictment,

22   guilty or not guilty?

23             THE DEFENDANT:  Guilty.

24             THE COURT:  So, Mr. Souchet, in order to determine

25   whether your plea is voluntary and made with a full

I1h9soup                    Plea

1    understanding of the charges against you and the consequences

2    of your plea, I will make certain statements to you and I will

3    ask you certain questions.  I need not accept your plea unless

4    I am satisfied that you are, in fact, guilty and that you fully

5    understand your rights.

6            Now, the indictment charges you with possessing

7    ammunition in and affecting commerce after having been

8    convicted of a felony.  This crime carries a maximum possible

9    term of imprisonment of ten years, a maximum term of supervised

10   release of three years, a maximum fine of $250,000, and a

11   mandatory $100 special assessment and, if appropriate,

12   restitution must be ordered.

13           Do you understand that those are the charges against

14   you and the maximum possible penalties applicable to that

15   charge?

16           THE DEFENDANT:  Yes.

17           THE COURT:  And do you understand that you have the

18   right to plead not guilty and the right to a trial on the

19   charges against you and, in fact, the right to a jury trial?

20           THE DEFENDANT:  Yes.

21           THE COURT:  At this time I'd ask the government,

22   please, to recite the elements of the crime charged.

23           MS. KURLAND:  The government would have to prove the

24   following elements beyond a reasonable doubt.  First, that the

25   defendant knowingly possessed ammunition; at the time the

I1h9soup                     Plea

1   defendant possessed the ammunition, he had been convicted of a

2   crime punishable by imprisonment for a term exceeding one year;

3   and third, that the possession of ammunition was in or

4   affecting interstate commerce.  The government would also prove

5   venue in the Southern District of New York was appropriate by a

6   preponderance of the evidence.

7               THE COURT:  Mr. Souchet, do you understand that if you

8   pled not guilty and went to trial that the burden would be on

9   the government to prove each and every element of the crime

10  charged beyond a reasonable doubt?

11              THE DEFENDANT:  Yes.

12              THE COURT:  Do you understand that at a trial you

13  would have the right to be represented by an attorney at all

14  stages of the proceedings and, if necessary, an attorney would

15  be appointed for you?

16              THE DEFENDANT:  Yes.

17              THE COURT:  And do you understand that at a trial you

18  would have the right to confront and cross-examine witnesses

19  against you and the right not to be compelled to incriminate

20  yourself?

21              THE DEFENDANT:  Yes.

22              THE COURT:  And do you understand that at a trial you

23  would be presumed innocent until such time, if ever, the

24  government established your guilt by competent evidence to the

25  satisfaction of the trier of fact beyond a reasonable doubt?

I1h9soup                       Plea

1              THE DEFENDANT:  Yes.

2              THE COURT:  And do you understand that at a trial you

3       would have the right to testify and would also be entitled to

4       compulsory process, in other words, the right to call other

5       witnesses on your behalf?

6              THE DEFENDANT:  Yes.

7              THE COURT:  And do you understand that if your plea is

8       accepted that there will be in further trial of any kind so

9       that by pleading guilty you are waiving your right to a trial?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And do you understand that if you are

12      sentenced to a period of supervised release and if you violate

13      the terms of your supervised release that an additional period

14      of jail time may be imposed without credit for the time that

15      you had previously spent on supervised release?

16             THE DEFENDANT:  Yes.

17             THE COURT:  And do you understand that in connection

18      with your plea of guilty that the court may ask you certain

19      questions about the offense to which you have pled and if you

20      answer those questions under oath and on the record and in the

21      presence of your lawyer that your answers, if false, may later

22      be used against you in a prosecution for perjury or false

23      statement?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Mr. Souchet, what country are you a

I1h9soup                       Plea

1    citizen of?

2              THE DEFENDANT:  United States.

3              THE COURT:  Did you sign a plea agreement earlier

4    today?

5              THE DEFENDANT:  Yes, I have.

6              THE COURT:  And before you signed it, did you read it?

7              THE DEFENDANT:  Yes, I did.

8              THE COURT:  And before you signed it, did you discuss

9    it with your lawyer?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Putting the plea agreement to one side,

12   separate and apart from the plea agreement, have any threats or

13   promises been made to you to make you plead guilty?

14             THE DEFENDANT:  No.

15             THE COURT:  Again, separate and apart from the plea

16   agreement, have any understandings or promises been made to you

17   concerning the sentence that you will receive?

18             THE DEFENDANT:  No.

19             THE COURT:  Is your plea voluntary, in other words, of

20   your own free will?

21             THE DEFENDANT:  Yes.

22             THE COURT:  I'd like to review some of the portions of

23   the plea agreement with you.

24             First, you understand that the plea agreement contains

25   a stipulated guidelines range of from 30 to 37 months with a

I1h9soup                    Plea

1    fine range of from $7,500 to $75,000.

2              THE DEFENDANT:  Yes.

3              THE COURT:  And do you understand that the parties

4    have agreed that neither a downward nor an upward departure

5    from the stipulated guidelines range is appropriate but that

6    either party may seek a sentence outside of the stipulated

7    guidelines range?

8              THE DEFENDANT:  Yes.

9              MS. BENETT:  Just on that point, your Honor, if you

10   look at page three, this is actually a plea agreement in which

11   the parties -- the government has agreed not to seek a sentence

12   outside the guidelines range and so has the defense, which I

13   discussed with Mr. Souchet.

14             THE COURT:  I'm sorry.  I did not read it closely.

15   Just to correct that.  Mr. Souchet, do you understand that

16   neither the government nor you may seek a sentence outside of

17   the stipulated guidelines range?

18             THE DEFENDANT:  Yes.

19             THE COURT:  And do you understand that the government

20   has reserved to it the right to seek a higher guidelines range

21   if the government concludes that you have not fully accepted

22   responsibility or if the government learns that you have

23   committed an obstruction of justice which it doesn't know about

24   or if you commit another crime after signing this agreement?

25             THE DEFENDANT:  Yes.

I1h9soup                         Plea

1          THE COURT:  And do you understand that neither the

2    probation office nor the court is bound by the guideline

3    stipulation and that the sentence to be imposed upon you is

4    determined solely by the court?

5          THE DEFENDANT:  Yes.

6          THE COURT:  And do you understand that if you receive

7    a sentence within or below the stipulated guidelines range that

8    you've agreed not to file an appeal or otherwise challenge your

9    sentence?

10         THE DEFENDANT:  Yes.

11         THE COURT:  And are you pleading guilty because you

12   are, in fact, guilty?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Do you understand that this plea agreement

15   does not bind any prosecuting office other than the United

16   States Attorney's Office for the Southern District of New York?

17         THE DEFENDANT:  Yes.

18         THE COURT:  And do you understand that apart from any

19   possible proffer agreement that you may have entered into, that

20   this plea agreement takes the place of any prior understanding

21   that you may have had with the U.S. Attorney's Office and that

22   this agreement cannot be modified except in a writing signed by

23   all parties?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Mr. Souchet, did you commit the offense to

1   which you are entering a plea?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Could you tell me what you did.

4          THE DEFENDANT:  On April 17 I did, in fact, possess

5   ammunition in the Bronx and knowing that I had a felony before

6   that.

7          THE COURT:  Just make sure -- I was just having a

8   little trouble hearing you.  Did I hear you to say that on

9   April 17 in the Bronx that you had ammunition in your

10  possession even though you had previously been convicted of a

11  felony?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Ms. Kurland, is there anything else that

14  you would like me to ask him?

15         MS. KURLAND:  No, your Honor.  But the government

16  would proffer that the ammunition was manufactured outside of

17  New York State and that the felonies of which the defendant

18  were convicted carried a potential term of imprisonment

19  exceeding one year.

20         THE COURT:  Mr. Souchet, do you still wish to plead

21  guilty?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Ms. Benett, do you know of any reason that

24  Mr. Souchet should not plead guilty?

25         MS. BENETT:  No, your Honor.

I1h9soup                        Plea

1          THE COURT:  All right.  Mr. Souchet, the Court is

2   satisfied that you understand the nature of the charge against

3   you and the consequences of your plea and that your plea is

4   made voluntarily and knowingly and that there is a factual

5   basis for your plea.  Accordingly, I will accept your plea of

6   guilty and direct that a presentence report be prepared.

7          I'm going to propose a sentencing date of May 3 at

8   3:30 with the defendant's submission, sentencing submission due

9   on April 19 and the government's due on April 26.  Is that

10  okay?

11          MS. BENETT:  Yes.  3:30 you said?

12          THE COURT:  3:30.

13          MS. BENETT:  Could we just put on the record that I

14  would like to be present for the presentence report -- for the

15  probation department's presentence report and interview?

16          THE COURT:  Yes.

17          Is there anything further at this time?

18          MS. BENETT:  Nothing from the defense, your Honor.

19          THE COURT:  Okay.  Thank you.

20          (Adjourned)

21

22

23

24

25